**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000580**
**24-OCT-2019**
**07:46 AM**

NO. CAAP-16-0000580

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PETER L. ROHRER, Plaintiff-Appellant,
v.
DEREK HOYTE; D AND S VENTURES, LLC; and NORTH SHORE ZIPS, LLC,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0607)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Plaintiff-Appellant Peter L. Rohrer (**Rohrer**) appeals from the Judgment (**Judgment**) in favor of Defendants-Appellees Derek Hoyte (**Hoyte**), D and S Ventures, LLC, and North Shore Zips, LLC (collectively, **Defendants**) entered by the Circuit Court of the Second Circuit (**Circuit Court**)[1] on October 4, 2016.  Rohrer contends that the Circuit Court erred by: (1) granting Defendants' motion to dismiss Rohrer's complaint, (2) relying on facts presented for the first time in Defendants' reply memorandum, and (3) denying Rohrer's motion for reconsideration. For the reasons explained below, we vacate the Judgment and remand for further proceedings.

**I.**

Rohrer filed a complaint on November 24, 2015.  The complaint alleged that Defendants breached the terms of a settlement reached in a previous lawsuit (**First Lawsuit**) and

---

[1]  The Honorable Rhonda I.L. Loo presided.

memorialized in a written contract (**Settlement Agreement**). On March 29, 2016, Defendants filed — under seal — a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Hawai'i Rules of Civil Procedure (**HRCP**).[2] The motion was supported by a declaration of Defendants' counsel, a transcript of the settlement-on-the-record hearing from the First Lawsuit, and a copy of the Settlement Agreement. Rohrer filed a memorandum in opposition that did not include affidavits or other evidence. Defendants' reply memorandum argued additional facts but did not include any new affidavits or exhibits. The motion was heard on May 19, 2016. An order granting the motion was entered on June 9, 2016. Rohrer moved for reconsideration on June 17, 2016. An order denying reconsideration was entered on August 10, 2016. This appeal followed.

## II.

"A circuit court's ruling on a motion to dismiss is reviewed de novo." Bank of Am., N.A. v. Reyes-Toledo, 143 Hawai'i 249, 256, 428 P.3d 761, 768 (2018) (citing cases). A reviewing court applies the same standard applied by the circuit court:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim that would entitle [them] to relief. The appellate court must therefore view a plaintiff's complaint in a light most favorable to [them] in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing a circuit court's order dismissing a complaint . . . the appellate court's consideration is strictly limited to the allegations of the complaint, and the appellate court must deem those allegations to be true.

Id. at 257, 428 P.3d at 769 (citation omitted).

---

[2] The Circuit Court's order granting Defendants' ex parte motion to submit their motion to dismiss under seal does not contain specific findings as required by Grube v. Trader, 142 Hawai'i 412, 424, 420 P.3d 343, 355 (2018). See In re Estate of Campbell, 106 Hawai'i 453, 462, 106 P.3d 1096, 1105 (2005) (noting that "the reasons underlying openness in the criminal context . . . are equally compelling in the civil context").

HRCP Rule 12(b) (eff. 2000) provides, among other things:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Defendants' HRCP Rule 12(b)(6) motion to dismiss attached an affidavit of Defendants' counsel, a transcript of the settlement-on-the-record hearing from the First Lawsuit, and a copy of the Settlement Agreement. In this case the terms of the settlement of the First Lawsuit, as placed on the record in the transcript and memorialized in the Settlement Agreement, formed the basis of Rohrer's complaint. The Circuit Court's consideration of this evidence did not transform Defendant's motion to dismiss into one for summary judgment. See Rosa v. CWJ Contractors, Ltd., 4 Haw. App. 210, 215, 664 P.2d 745, 749 (1983) (attaching an affidavit that essentially presented no material facts did not convert a motion to dismiss into a motion for summary judgment).

## III.

Rohrer's complaint made the following allegations which, for purposes of this appeal only, we assume are true: Rohrer and Hoyte own neighboring properties in Haʻikū on the island of Maui. Rohrer filed the First Lawsuit because a zipline being operated by Defendants on Hoyte's property was a nuisance and was allegedly causing injury and damage to Rohrer, and because Defendants allegedly removed and failed to replace a portion of the fence on the boundary between Rohrer's and Hoyte's properties. Rohrer and Defendants settled the First Lawsuit and signed the Settlement Agreement. The Settlement Agreement provided that the parties would collaborate in seeking bids and equally share the cost of replacing the boundary fence, Defendants would not construct zipline-affiliated structures within fifty feet of the boundary line between Rohrer's and Hoyte's properties, and there would be no expansion of commercial

operations on Hoyte's property creating any nuisance beyond that claimed in the First Lawsuit. Soon after the Settlement Agreement was executed, Defendants cleared a large area around Rohrer's property line and moved large boulders onto Rohrer's property. Defendants did not inform Rohrer or obtain Rohrer's permission for the work. Defendants also constructed a new zipline platform, considerably larger than the original platform, within fifty feet of Rohrer's property line. The increased platform space has allowed Defendants to expand their operations and serve more customers, causing greater injury and damage to Rohrer. The complaint contains counts for nuisance, trespass, breach of the Settlement Agreement, and punitive damages.[3]

The Settlement Agreement attached to Defendants' motion to dismiss contained the following provisions:

> [Rohrer] and [Defendants] agree to equally share the cost of replacing the portion of fence running on or near the property boundary line . . . .
>
> . . . .
>
> [Defendants] agree[ ] not to construct zipline affiliated structures within fifty feet (50') of the boundary line between [Defendants'] and [Rohrer's] property.
>
> . . . .
>
> This release shall include any and all future claims related to the zipline operation so long as there is no expansion of commercial operations on [Defendants'] property creating nuisance beyond claims in the [First Lawsuit.]

Defendants' only argument in support of their motion to dismiss was that Rohrer agreed to accept payment of $500 per month for every month that the zipline remained in operation within fifty feet of Rohrer's property, in exchange for a release of any and all claims relating to the zipline including all future claims. Defendants did not deny that they agreed to equally share the cost of replacing the boundary fence, to not construct zipline-affiliated structures within fifty feet of Rohrer's property, and to not expand their commercial operations to create a nuisance

---

[3] "[A] claim for punitive damages is not an independent tort, but is purely incidental to a separate cause of action." Ross v. Stouffer Hotel Co. (Hawai'i), 76 Hawai'i 454, 466, 879 P.2d 1037, 1049 (1994) (citation omitted).

beyond that claimed in the First Lawsuit. Defendants did not deny failing to rebuild the boundary fence, moving large boulders onto Rohrer's property, constructing a new zipline platform within fifty feet of Rohrer's property, or expanding their commercial operations to create a nuisance beyond that alleged in the First Lawsuit. Defendants' reply memorandum makes a number of factual arguments outside the pleadings, but none of them are supported by affidavit or other admissible evidence and we disregard them for purposes of the motion to dismiss.

In this case, viewing the allegations in Rohrer's complaint (and the terms of the Settlement Agreement) in the light most favorable to Rohrer, the complaint does state a claim against Defendants for breach of the Settlement Agreement, trespass, nuisance beyond that claimed in the First Lawsuit, and punitive damages (only in connection with the causes of action for trespass and nuisance, because punitive damages are not recoverable for breach of a contract, Francis v. Lee Enters., Inc., 89 Hawai'i 234, 240, 971 P.2d 707, 713 (1999)). The Circuit Court erred in granting Defendants' motion to dismiss.

## IV.

For the foregoing reasons, the Judgment entered by the Circuit Court on October 4, 2016 is vacated and this case is remanded for further proceedings.

DATED: Honolulu, Hawai'i, October 24, 2019.

On the briefs:

Anthony L. Ranken,
Samuel P. Shnider,
for Plaintiff-Appellant.

Gregory K. Markham,
Brandon Y. Moriki,
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge